PATENTS SELLING & EXPORTING CO. ACTIESELSKABET v. DUNN.

(District Court, S. D. New York.   April 7, 1914.)

PATENTS (§ 90*)—PRIORITY OF INVENTION—FOREIGN PATENTS.

Where two joint domestic inventors filed an application for a patent while an application for the same invention by a foreign inventor was pending, and a patent issued first to the foreign inventor, upon proof of the publication in the United States of a foreign patent on the invention to the foreign inventor before the date of filing of the application of the joint domestic inventors, held, that the invention by the foreign inventor antedates the patent to the domestic inventors.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 113–120; Dec. Dig. § 90.*]

Case reopened for introduction of further evidence.

See, also, 213 Fed. 40, 129 C. C. A. ——.

T. D. Merwin, of New York City, for plaintiff.

No appearance for defendant.

Pursuant to mandate of the Circuit Court of Appeals, the following proceedings were had in the District Court before Hand, District Judge:

Mr. Merwin: The mandate of the Circuit Court of Appeals having been sent down to the District Court, affirming the decision of the District Court as to the question of validity, and reversing the District Court as to the question of infringement, without, however, prejudice to motions to introduce further proof as to priority of invention in the District Court, counsel for plaintiff offers in evidence the Danish patent No. 7,576, issued May 29, 1905, published June 13, 1905, and filed in the United States Patent Office on July 6, 1905, together with translation of the same; Danish patent No. 8,016, issued November 6, 1905, published November 20, 1905, and recorded in the United States Patent Office December 14, 1905; also Swedish patent No. 20,579, issued April 1, 1905, and filed in the United States Patent Office April 23, 1906, together with translation of the same.

Plaintiff rests.

The Court: Mr. Merwin, I have to-day received a letter from Mr. Prindle, dated April 6, 1914, in which he says that he has no argument to offer in opposition to this motion, that he has been unable to find the witness upon whom he relied to carry back his own date of invention, and therefore does not wish to make any motion for permission to take testimony on his own behalf. I understand this to mean, therefore, that he defaults on this application, and in accordance with the decision of the Circuit Court of Appeals I hereby make a finding that the date of your invention antedates the patents put in evidence before the Circuit Court of Appeals by the defendant, and upon that you are entitled to the usual decree.

I therefore direct that the usual interlocutory decree pass upon claims 1, 2, 3, 5, and 10.